UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GARRETT WHITTENBURG,<br><br>Plaintiff,<br><br>v.<br><br>LAKE COUNTY JAIL, et al.,<br><br>Defendants. | CAUSE NO. 2:23-CV-412-PPS-APR |

OPINION AND ORDER

Garrett Whittenburg, a prisoner without a lawyer, filed a motion in this closed case asking me to "return the original civil filing with proper complaint form and to please dismiss the forma pauperis fee and allow me to refile civil filing cause no. 2:23-CV-00412-PPS-APR on proper complaint form to help remove 1 strike and get my property." ECF 9 at 2. Because Whittenburg is a prisoner without a lawyer—and the motion was filed more than 28 days after the entry of judgment—I will construe his motion as one brought pursuant to Federal Rule of Civil Procedure 60(b). *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). Rule 60 authorizes a court to relieve a party from a final judgment based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time and for reasons (1),

(2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "[I]f the asserted ground for relief falls within one of the enumerated grounds for relief subject to the one-year time limit of Rule 60(b), relief under the residual provision of Rule 60(b)(6) is not available." *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). "To permit relief under the catchall provision in such situations would render the one-year time limitation meaningless." *Id.* "Accordingly, [courts] have held that the first three clauses of Rule 60(b) and the catchall clause are mutually exclusive." *Id.* "A court must not extend the time to act under . . . Rule 60(b)." Fed. R. Civ. P. 6(b)(2).

As relevant background information, Whittenburg filed seventeen separate civil cases in the Northern District of Indiana between November 27, 2023, and December 7, 2023. He filed another nine cases on February 27, 2025. All of these cases concern events at the Lake County Jail. With regard to this cause number, I dismissed Whittenburg's case on December 20, 2023, because the complaint failed to state any viable claims. *See* ECF 5. In that complaint, Whittenburg complained about the searches of his cell at the Lake County Jail, the procedures associated with those searches, and his lost property (food items from commissary). *Id*. I concluded he didn't state a Fourth Amendment claim because the searches were limited to his property bag and cell(s) rather than his person, so they didn't violate the Constitution. *See id.* at 4–5 (citing *Henry v. Hulett*, 969 F.3d 769, 777 (7th Cir. 2020)). I also noted that Whittenburg's missing property claims did not violate the Fourteenth Amendment because state law provides an adequate

2

post-deprivation remedy to address accidental or intentional property loss by state officials. *See id.* at 5–6.[1]

Now, almost a year and a half later, Whittenburg wants to reopen this case so it won't be counted as a strike for purposes of proceeding under 28 U.S.C. § 1915(g). As Whittenburg acknowledges in his motion, he was recently informed that he could not proceed in forma pauperis in his new batch of cases because he had received three prior strikes. *See e.g. Whittenburg v. Brooks*, cause no. 2:25-CV-096-JTM-APR (N.D. Ind. Feb. 27, 2025), at ECF 3. This appears to have prompted Whittenburg's motion to reopen. He claims he had "no information" about this case until he received the three-struck order (ECF 9 at 2), but he later contradicts his own assertion by stating he received legal mail regarding all seventeen of his original cases in mid-December of 2023 (*id.*; *see also* ECF 7). Whittenburg mistakenly believes this case was dismissed because he failed to submit the complaint on the proper form.[2] He argues that he couldn't submit an amended complaint because he "was given such short period of time to refile all 17 complaint[s] including this above complaint" and only had eight of them completed by April of 2024. ECF 9 at 1. He further claims he was "physically assaulted" by officers at the Lake County Jail on April 12, 2024, who took his "property with legal mail" away. *Id.* at 2.

---

[1] A letter was received and docketed by the clerk on December 21, 2023—the day after judgment was entered—but Whittenburg dated the letter December 19, 2023, the day before the dismissal order was filed. *See* ECF 7 at 3. Whittenburg did not sent any further correspondence to the court in this case until his current motion was docketed on May 5, 2025.

[2] It was not. Rather, it was dismissed pursuant to 28 U.S.C. § 1915A because it failed to state any viable claims.

3

Even if I credit Whittenburg's allegations as true, they don't provide a basis for reopening this case pursuant to Rule 60(b). His arguments fall within the scope of the excusable neglect category under Rule 60(b)(1), but Whittenburg's motion was filed long after the one-year deadline associated with such claims expired. *See Arrieta*, 461 F.3d at 865.[3] "This time limit is jurisdictional and cannot be extended." *Id*. at 864. To the extent Whittenburg is arguing his motion should be analyzed under the catchall provision of Rule 60(b)(6)—which doesn't have a fixed timeframe and permits reopening for "any other reason that justifies relief"—I don't find that argument persuasive for two reasons. First, the rule applying to the catchall provision versus those applying to excusable neglect and/or misconduct are "mutually exclusive." *Id*. at 865. Second, a motion under Rule 60(b)(6) must still be made within a "reasonable time," and it "requires a showing of extraordinary circumstances justifying the reopening of a final judgment." *Id*. (internal quotation marks omitted). Whittenburg's motion has satisfied neither component.

Although he vaguely claims his property and legal paperwork were taken away in April of 2024 after a physical altercation, he doesn't plausibly explain why this prevented him from communicating with the court or filing any post-judgment motions for over a year following that incident. I've reviewed the dockets from his numerous civil cases, and Whittenburg has filed a plethora of letters, motions, and other documents in those cases from the time this case was dismissed in December of 2023,

---

[3] The same is true if I classify his arguments as being related to misconduct by an opposing party under Rule 60(b)(3).

4

through the spring of 2025. The fact that he filed his Rule 60 motion almost a year-and-a-half after this case was dismissed suggests it wasn't done within a reasonable timeframe. Moreover, Whittenburg's assertion that he couldn't submit an amended complaint (or didn't realize the case had been dismissed) because he had too many other civil cases to focus on during the relevant period doesn't constitute the type of extraordinary circumstance necessary to justify reopening under Rule 60(b)(6).[4] Again, I dismissed this case because his complaint failed to state any viable claims, not because he failed to file an amended complaint on the proper form. *See* ECF 5.

Finally, Whittenburg asks me to "dismiss the forma pauperis fee" because he "never filled out a proper forma pauperis form period" in this case. ECF 9 at 2. I assume he is requesting that the filing fee be waived. It is true that I granted him leave to proceed in forma pauperis based on the submission of his inmate trust fund ledger alone. *See* ECF 2 & ECF 3. However, this was proper, as Whittenburg is a prisoner, so he is subject to the requirements of 28 U.S.C. § 1915(b) and must pay the entire filing fee in accordance with the procedures set forth in that statute. *See* 28 U.S.C. § 1915(b); *see also Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997) ("[T]he filing of a complaint (or appeal) is the act that creates the obligation to pay fees, and what the judge does later does not relieve a litigant of this responsibility."). I don't have the authority to waive the fee or to modify the amount or timing of payments. *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998); *see also Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997). The filing

---

[4] This is especially true because Whittenburg is the master of his complaints and chose to litigate a flurry of civil rights actions at the same time.

of the complaint is what triggered Whittenburg's obligation to pay, and the statute "forbids outright forgiveness of the obligation to pay [it]." *See Butler v. Deal*, 794 F. App'x 542, 544 (7th Cir. 2020) (citing *Maus v. Baker*, 729 F.3d 708, 709 (7th Cir. 2013)). While I could rescind the order granting him leave to proceed in forma pauperis—which allows him to pay the $350 filing fee over time—he would then become liable for the full $405 regardless. *See id*. Thus, it is in Whittenburg's best interest that I decline to "dismiss" his in forma pauperis status.

Accordingly: the motion to reopen (ECF 9), which I have construed as a motion brought pursuant to Federal Rule of Civil Procedure 60(b), is DENIED.

SO ORDERED.

ENTERED:  May 8, 2025.

                                           /s/   Philip P. Simon
                                          PHILIP P. SIMON, JUDGE
                                          UNITED STATES DISTRICT COURT